PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2007 Ford Fusion struck a hole while claimant, Carrie L. Gaskins, was driving on Sabraton Avenue in Morgantown, Monongalia County. Sabraton Avenue is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:10 p.m. on March 23, 2007. At the area of the incident involved in this claim, Sabraton Avenue is a one-lane, paved road. Ms. Gaskins testified that she was driving at approximately five or ten miles per hour in the rain when the vehicle struck a water covered hole. She stated that the road had numerous water covered holes, and she could not ascertain the exact hole that her vehicle struck. She stated that landmarks near the area where this incident occurred include the Unique Boutique and Smoker Friendly. Ms. Gaskins was not familiar with the area where this incident occurred. As a result of this incident, claimants’ vehicle sustained damage to its tire and rim in the amount of $328.68. Claimants’ insurance deductible at the time of the incident was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Sabraton Avenue. Kathy Westbrook, Highway Administrator for respondent in Monongalia County, testified that she is familiar with the area where this incident occurred. Ms. Westbrook explained that a portion of Sabraton Avenue, which is mostly a two-lane, paved road, turns into a narrow section where only one vehicle can pass. At this particular area, the eastbound traffic has to yield to the westbound traffic. She testified that this road is a third priority in terms of its maintenance. Since the hot mix plants did not open until April 5, 2007, respondent used cold patch during this time of year. She explained that cold mix is a temporary patch used in the winter to patch holes.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dept of Highways, 16 Ct Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented *207 a hazard to the traveling public. Since there were numerous holes on Sabraton Avenue, the Court finds that respondent had constructive notice of the condition of the road. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in the amount of $328.68.
Award of $328.68.
The Honorable Judge Robert B. Sayre did not participate in the hearing of this claim; however, he reviewed the transcript and exhibits and he participated in the decision and the writing of this opinion of the Court.